UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ENRIQUE RODRIGUEZ,

                Petitioner,

    -against-

JOHN BURGE,

                Respondent.
------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM & ORDER
02 CV 4594 (CBA)

AMON, UNITED STATES DISTRICT JUDGE

Before the Court is a petition for habeas corpus relief filed by petitioner Enrique Rodriguez ("Rodriguez"). For the reasons set forth below, Rodriguez's petition is denied.

**I.    Background**

Rodriguez filed the instant petition for habeas corpus, pursuant to 28 U.S.C. § 2254, following his 1995 conviction for six counts of intentional murder, four counts of felony murder, one count of second degree attempted murder, five counts of first degree robbery, one count of second degree criminal possession of a weapon, and one count of fourth degree criminal possession of a weapon. (Queens County Indictment No. 845/95.) On March 12, 2001, a four-judge panel of the Appellate Division, Second Department, affirmed petitioner's judgment of conviction. People v. Rodriguez, 721 N.Y.S.2d 561 (N.Y. App. Div. 2001). On August 20, 2001, the New York Court of Appeals denied petitioner leave to appeal. People v. Rodriguez, 96 N.Y.2d 924 (N.Y. 2001).

On June 20, 2002, Rodriguez filed a motion under N.Y. C.P.L.R. § 440.10 with the trial court. The motion was denied without a hearing on September 5, 2002. People v. Rodriguez, Ind No. 845/95 (N.Y. Sup. Ct. Sep. 5, 2002). On December 23, 2002, the Appellate Division,

1

Second Department denied leave to appeal the denial of the first 440.10 motion. Subsequently, on August 3, 2003, Rodriguez filed a second 440.10 motion. In an October 17, 2003 decision, the trial court denied the motion. People v. Rodriguez, Ind No. 845/95 (N.Y. Sup. Ct. Oct. 17, 2002). Rodriguez's application for leave to appeal to the Appellate Division was denied on February 10, 2004.

Meanwhile, on August 12, 2002, Rodriguez, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254. In his initial habeas petition, Rodriguez argued, as he had on direct appeal, that: 1) the prosecution exercised peremptory challenges in a discriminatory manner, excluding all Hispanic jurors in violation of Batson v. Kentucky, 476 U.S. 79 (1986), and its progeny; 2) the trial court precluded petitioner's counsel from cross-examining the State's medical expert about the effect that the eyewitness's injuries had on her ability to perceive; and 3) the trial court erroneously refused to instruct the jury about the affirmative defense to felony murder based on petitioner's pretrial statements that he was unarmed and did not know that his co-defendants were armed.

On October 1, 2003, the Honorable Cheryl L. Pollak issued a Report and Recommendation (the "Report"), recommending that Rodriguez's claims for habeas relief be denied in their entirety and informing Rodriguez that he had ten days to object to the Report. Rodriguez did not object to the Report. Instead, on December 22, 2003, Rodriguez wrote a letter advising the Court that he would like to withdraw his petition or, in the alternative, be granted permission to amend his petition to add additional points of law. Petitioner informed the Court that he had two petitions pending in the New York State Appellate Division and that he would like to include the legal issues raised in those motions in the petition before this Court.

On May 18, 2004, the Court issued an Order staying the case to give Rodriguez time to exhaust his state court remedies with regard to the new claims he wished to bring. That Order did not reach Rodriguez, however, because he had been temporarily removed from the Auburn Correctional Facility where he had been incarcerated, and mail for him was being held there rather than forwarded. On January 20, 2005, after the Court had obtained Rodriguez's new address, the Court sent Rodriguez a new copy of the May 18, 2004 order and extended the deadline for Rodriguez's supplementary filing until February 19, 2005.

On April 14, 2005, having heard nothing from Rodriguez, the Court directed Rodriguez to file a status report with the Court no later than May 6, 2005, and to address specifically his efforts to exhaust his claims in state court. In a letter dated May 31, 2005, Rodriguez informed the Court his state court remedies had been fully exhausted and asking the Court for leave to amend his petition to add "the previously described points of law" to his petition. On July 1, 2005, the Court granted Rodriguez the permission he sought, but noted that such permission was granted without prejudice to the respondent's argument that amendment of Rodriguez's petition may be improper. The Court directed Rodriguez to file his amended petition by July 30, 2005.

In a letter dated July 24, 2005, Rodriguez advised the Court that he was then in federal custody pursuant to a federal writ as a potential material witness in a federal criminal case, and that he had not been allowed to bring his legal papers with him when he left the state facility where he had been incarcerated As a result, he could only state his desired amendments in very general terms. As it turned out, Rodriguez failed to describe his desired amendments at all. His letter stated that he wished to reiterate the claims asserted in his original petition, and to add three additional claims: 1) a Batson challenge to the jury selection process; 2) a claim that the

3

trial court improperly limited defense cross-examination of the prosecution's medical witness, and 3) a claim that the trial court erroneously refused to instruct the jury regarding an affirmative defense to felony murder. These, however, are precisely the claims that Rodriguez asserted in his initial habeas petition, not new claims.

Upon being informed by the United States Attorney for the Eastern District of New York ("the U.S. Attorney") that the federal writ would soon be satisfied, the Court on August 8, 2005 directed the U.S. Attorney to make sure that Rodriguez was given access to his legal materials when the writ was satisfied, and directed Rodriguez to submit an explanation of his new claims no later than thirty days after his return to state custody. The U.S. Attorney responded to this Order by sending a letter to the New York State corrections officials. On September 13, 2005, Rodriguez notified the Court that he had been returned to state custody, at the Downstate Correctional Facility in Fishkill, New York, but that he had not yet received his legal materials (or any of his other property) from the Auburn Correctional Facility. Rodriguez asked the Court's assistance in retrieving his materials, in light of the 30-day deadline which the Court had imposed and which had almost half run out. In an order endorsed on Rodriguez's letter, the Court directed the U.S. Attorney to follow up on the matter and to report back to the Court no later than October 17, 2005. In a letter dated October 14, 2005, the U.S. Attorney reported that she had been informed by the New York Department of Corrections' Office of Inspector General that all of Rodriguez's belongings, including his legal materials, had been sent to Rodriguez at the Downstate Correctional Facility the previous day, October 13, 2005.

Not having heard from Rodriguez by April 11, 2006, the Court ordered him to file a detailed explanation of the amendments he wished to make to his habeas petition no later than May 10, 2006. In a letter to the Court dated May 1, 2006, Rodriguez detailed the claims that he

stated had recently been exhausted in state court and which he wished to include in his habeas petition. However, Rodriguez did not supply the Court with copies of the state court decisions regarding these claims, or any other documents showing exhaustion. Therefore, on June 5, 2006, the Court ordered Rodriguez and the respondent to provide the Court with copies of any state court decisions regard the new claims by June 19, 2006. The Court also order respondent to file its response to the new claims by June 26, 2006.

In a letter dated June 5, 2006, Rodriguez filed a letter in attaching the state court decisions regarding the new claims. On July 3, 2006, after being granted an extension of time to respond, the respondent filed his response to the new claims. Rodriguez filed a reply on July 21, 2006. Thus, for the first time since Rodriguez sought to amend his petition, the new claims are fully briefed.

**II. Analysis**

**1. Rodriguez's initial claims**

In his initial habeas petition, Rodriguez claimed that: 1) the prosecution exercised peremptory challenges in a discriminatory manner, excluding all Hispanic jurors in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), and its progeny; 2) the trial court precluded petitioner's counsel from cross-examining the State's medical expert about the effect that the eyewitness's injuries had on her ability to perceive; and 3) the trial court erroneously refused to instruct the jury about the affirmative defense to felony murder based on petitioner's pretrial statements that he was unarmed and did not know that his co-defendants were armed. In a Report and Recommendation, Judge Pollak concluded that petitioner had failed to show that the Appellate Division's decision contravened or unreasonably applied Supreme Court law. Thus, Judge Pollak recommended that Rodriguez's claims, as filed in his initial habeas petition, be dismissed

5

in their entirety.

Rodriguez never filed any objections to the Report and Recommendation, but rather sought to amend his habeas petition. Furthermore, although Rodriguez has noted in correspondence with this Court that he wishes to "reiterate the claims of the original petition as filed," (Letter, Rodriguez to Court, July 24, 2005), he has not provided the Court with additional evidence or arguments supporting the claims of the original petition or otherwise indicating that Judge Pollak's Report and Recommendation was incorrect. Accordingly, having reviewed the Report and Recommendation of Judge Pollak, this Court adopts it as the opinion of this Court and denies Rodriguez's claims as filed in his initial habeas petition.

### 2. Rodriguez's amended claims

In his amended habeas petition, Rodriguez sets forth two additional claims for relief. Rodriguez claims that he was denied the effective assistance of counsel because his trial counsel failed to question whether he was competent to stand trial. He also claims that his counsel failed to inform of a plea offer of fifteen years to life and that if he rejected it, he would be subjected to a prison term of from 170 years to life.

### A. Rodriguez's claims are untimely

As an initial matter, Rodriguez's claims appear to be untimely. In its May 18, 2004 order, the Court informed Rodriguez that, in accordance with Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir.), cert. denied, 122 S. Ct. 506 (2001), he had thirty days in which to return to state court to pursue his state court remedies and that he was required to return to federal court within thirty days of exhaustion of those remedies. The Court also informed Rodriguez that if his state court remedies had already been exhausted, he was required to return to this Court with his new claims within thirty days of the date of that Order. On January 20, 2005, having become aware

6

that Rodriguez had not received the May 14, 2004 order, the Court sent Rodriguez a new copy of the May 18, 2004 Order and extended the deadline to February 19, 2005. However, despite the fact that both of Rodriguez's 440.10 motions had been fully litigated at the time of the May 18, 2004 order and the January 20, 2005 order, Rodriguez did not inform the Court as such until May 31, 2005, well past the February 19, 2005 deadline. Although the Court granted Rodriguez leave to file his new claims at that time, it did so without prejudice to respondent's arguments that amendment may not be proper. Indeed, as Rodriguez failed to comply with the conditions of this Court's May 18, 2004 Order, which were imposed in accordance with Zarvela, Rodriguez's new claims are untimely.

Furthermore, to the extent that those claims were not listed in Rodriguez's initial habeas petition, but were added through amendment of that petition, they are not timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. See 28 U.S.C. § 2244(d)(1)(A-D). The one year period in which to file a habeas petition begins to run from the date on which the petitioner's judgment of conviction becomes final. Rodriguez's conviction became final on November 18, 2001, ninety days after conclusion of direct review in state court, when the time for seeking certiorari before the Supreme Court expired. Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). However, the statute of limitations was tolled between June 20, 2002, when Rodriguez filed his first 440.10 motion in state court, until December 23, 2002, when leave to appeal denial of that motion was denied. 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations expired on May 23, 2003.[1] Rodriguez did not request to amend his petition

---

[1] The one-year statute of limitations was not tolled by Rodriguez's second 440.10 motion, as it was not filed until August, 2003, after the statute of limitations had expired.

7

until December, 2003.

Accordingly, although Rodriguez's initial habeas petition was timely filed, his subsequent amendments to that petition, which were not filed within the one year statute of limitations, are timely only to the extent that they relate back to the filing date of the original plea. That is, in order to be timely, both the original claims and the amended claims must arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c)(2). Noting that "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto," the Supreme Court has rejected "a comprehensive definition of 'conduct, transaction, or occurrence, [under which] virtually any new claim introduced in an amended habeas petition will relate back." Mayle v. Felix, 125 S. Ct. 2562, 2564 (2005). Instead, the Court has endorsed a definition of "conduct, transaction, or occurrence" that would allow "relation back only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." Id. Thus, "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year statute of limitations) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 2566.

In his amended habeas petition, Rodriguez claims that he was denied the effective assistance of counsel because his trial counsel failed to question whether he was competent to stand trial and failed to inform him that if he refused a plea offer of fifteen years to life, he would be subjected to a prison term of from 170 years to life. However, Rodriguez did not mention ineffective assistance of counsel in his initial habeas petition. Furthermore, he made no reference to his mental state of his competency to stand trial, nor did he reference any plea offer,

or his counsel's failure to advise him to take that plea offer. As a result, Rodriguez's new claims do not relate back to his initial habeas petition and are time-barred under AEDPA.

### B. Rodriguez's claims are procedurally barred

Furthermore, even if Rodriguez's claims were not time-barred, they are procedurally barred. A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); see Rose v. Lundy, 455 U.S. 509, 515-19 (1982). That is, a habeas petitioner must give the state courts "a fair opportunity to pass upon [the] federal claim." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982)(en banc), cert. denied, 464 U.S. 1048 (1984). In addition, "[f]ederal habeas courts generally may not review a state court's denial of a state prisoner's federal constitutional claim if the state court's decision rests on a state procedural default that is independent of the federal question and adequate to support the prisoner's continued custody." Epps v. Commissioner, 13 F.3d 615, 617 (2d Cir. 1994) (citing Coleman v. Thompson, 501 U.S. 722 (1991)), cert. denied, 511 U.S. 1023 (1994).

In this case, Rodriguez exhausted his ineffective assistance of counsel claims before the state court. In his first 440.10 motion, Rodriguez claimed that trial counsel was ineffective because he failed to challenge petitioner's competency to determine whether petitioner was fit to proceed at trial and failed to present evidence at trial that petitioner had been in a psychiatric facility. The motion was denied without hearing. The court held that petitioner's claim was barred from review because it was the type of claim that New York allowed to be raised for the first time on direct appeal, see, e.g., People v. Sanchez, 588 N.Y.S.2d 807 (N.Y. App. Div. 1992); People v. Sinatra, 453 N.Y.S.2d 729, 732 (N.Y. App. Div. 1982) (vacating conviction on direct appeal based on ineffective assistance of counsel for failure to raise competency to stand

9

trial), and Rodriguez failed to raise it on direct review. See N.Y.C.P.L. § 440.10(2)(c). As an alternate grounds for its decision, the court determined that Rodriguez's claim failed on the merits.[2] Rodriguez was denied leave to appeal this decision.

In his second 440.10 motion, Rodriguez claimed, *inter alia*, that his trial counsel was ineffective because he allegedly failed to inform him that he could be sentenced to a prison term of from 170 years to life if he were convicted after a trial and allegedly failed to advise him to accept a purported plea offer with a recommended sentence of from fifteen years to life imprisonment. The court also concluded that these claims were procedurally barred from review, pursuant to N.Y.C.P.L. § 440.10(3)(c), because Rodriguez could have raised them in his first 440.10 motion. As an alternate grounds for its decision, the court found that Rodriguez's claim was without merit, as there was no evidence to support Rodriguez's contention that he had been offered a plea agreement with a recommended sentence of fifteen years to life.

Because the state court held that both of Rodriguez's ineffective assistance of counsel claims were procedurally barred, they may not form the basis of his habeas petition, absent a showing of cause for and prejudice resulting from the procedural default, or a fundamental miscarriage of justice. See Gray v. Netherland, 518 U.S. 152, 161-62 (1996). As Rodriguez has not made such a showing, his newly added claims are procedurally defaulted.

### C. Rodriguez's claims fail on the merits

Finally, even if Rodriguez's claims were not procedurally barred, they would fail on the

---

[2] Notwithstanding the court's alternate ruling on the merits, Rodriguez's claim is still procedurally barred from review in this Court. "[F]ederal habeas review is precluded 'as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.'" Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (quoting Harris v. Reed, 489 U.S. at 264 n.10).

merits. In his first 440.10 motion, Rodriguez argued that his trial counsel was ineffective for failing to raise his competency to stand trial. As an alternate ground for denying that motion, the trial court found that Rodriguez had failed to include sworn allegations substantiating his claim that he had been in a psychiatric facility, as required by N.Y.C.P.L. § 440.30(1). In addition, the trial court noted that a history of psychiatric illness does not, by itself, raise the question of a defendant's competency to stand trial. The court noted that the relevant question was not the actions of the defendant prior to trial, but his behavior and actions during the court proceedings. The trial court found that there was no indication in the record that petitioner did not understand the proceedings, could not communicate with his attorney, could not assist in his own defense, or engaged in abnormal or bizarre behavior. Thus, the court found that no evidence supported his contention that he was not competent to stand trial and that his counsel was therefore ineffective for failing to raise his competency.

In his habeas petition, Rodriguez failed to present this Court with any additional evidence or arguments to support his claims. Rodriguez's sole argument is that he "submitted an affidavit stating he and family members informed his trial lawyer of the fact he had mental problems in the past and was previously committed to mental hospitals." However, Rodriguez has not indicated when he was supposedly in a psychiatric facility, the name of the psychiatric facility, or even whether he actually suffered from a mental disease or defect that rendered him incompetent to stand trial. The trial court expressly found that there was no evidence of record to support Rodriguez's contention that he was not competent to stand trial and therefore that his trial counsel was ineffective for failing to raise the issue of his competency. Rodriguez has failed to inform this Court how that decision was contrary to or an unreasonable application of clearly established Supreme Court precedent, nor has he shown that it was based on an

11

unreasonable determination of the facts of the case. See 28 U.S.C. § 2254(d).

In his second 440.10 motion, Rodriguez argued that his trial counsel was ineffective because he allegedly failed to advise him to accept a purported plea offer. However, as an alternate ground for denying the motion, the court found that Rodriguez's claim was based solely on his allegations and was unsupported by affidavits or any other evidence. The court noted that the District Attorney "vehemently contested" that Rodriguez had ever been offered a plea offer for fifteen years to life and noted that under the facts and circumstances of the case, where the defendant was charged with the homicide of six people and the attempted homicide of a seventh, "there is no reasonable possibility that the defendant's contention of an offer by the People of from fifteen years to life can possibly be true." In a habeas petition pursuant to § 2254, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254. Rodriguez has presented no evidence to this Court to support his claim regarding the purported plea offer and therefore has not borne his burden of "rebutting the presumption of correctness by clear and convincing evidence." Id. Accordingly, his claim fails.

## **CONCLUSION**

This Court adopts the Report and Recommendation of Magistrate Judge Pollak with regard to the claims for relief set forth in Rodriguez's initial habeas petition. The Court further finds that Rodriguez's new claims are time-barred and procedurally defaulted. Accordingly, the Court finds that Rodriguez's petition must be denied in its entirety. Further, a certificate of appealability will not be issued because Rodriguez has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is instructed enter judgment in accordance with this Order and to close the case.

SO ORDERED

Dated: Brooklyn, New York
       December 29, 2006

                                                                  Carol Bagley Amon
                                                                  United States District Judge